IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

MARSHALL DEWAYNE WILLIAMS,

      Plaintiff,

vs.                                    No. 05-2305-B/P

T.C. OUTLAW,

      Defendant.

_____

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING MOTION FOR MOTION FOR BAIL AS MOOT
ORDER DENYING MOTION FOR ENLARGEMENT OF BAIL AS MOOT
ORDER DENYING EMERGENCY MOTION FOR DECLARATORY JUDGMENT AS MOOT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

_____

      Plaintiff, Marshall Dewayne Williams, Bureau of Prisons (BOP) registration number 14130-077, an inmate at the Federal Correctional Institution at Memphis (FCI),[1] has filed this document described as a habeas petition under 28 U.S.C. § 2241, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall not issue any process, but shall record the respondent as T.C. Outlaw.

      Williams seeks an order directing the Bureau of Prisons ("BOP") to release him to Texas state authorities. He contends that his federal sentence has ceased to exist as a matter of law.[2] This, in

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] Williams' argument that his federal sentence has ceased to exist despite the denial of relief on this issue by both the United States District Court

effect, amounts to a claim that the BOP has miscalculated his sentence credits under 18 U.S.C. § 3585(b) that should be awarded against petitioner's sentence. The computation of sentence credits under § 3585(b) is a task reserved for the Attorney General through his designee, the BOP. United States v. Wilson, 503 U.S. 329, 334 (1992). Williams alleges in conclusory fashion by affidavit attached to the complaint that he has exhausted all administrative remedies.

Because of the specificity of the injunctive relief requested and plaintiff's designation of his complaint as a habeas petition, the Court declines to address any alleged underlying FCI Memphis prison conditions claims for retaliation or denial of medical care at FCI Memphis which may be brought pursuant to Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971). To the extent plaintiff seeks review, he must file a Bivens action for those claims, demonstrate administrative exhaustion of each claim, and pay the required $250 filing fee.

Any analysis of a habeas petition under § 2241 by a federal prisoner must begin with the statute that authorizes the court to exercise jurisdiction over the prisoner's custodian. Habeas relief is only available if the prisoner is "in custody in violation of the

---

for the District of Kansas and the 10th Circuit Court of Appeals is frivolous. See Williams v. United States, 384 F.3d 1232 (10th Cir. Oct. 1, 2004). Williams was convicted in the United States District Court for the Northern District of Texas on December 12, 1984, of malicious destruction of property by use of explosive bomb resulting in death, possession of an unregistered firearm, and unlawful construction of a firearm. He was sentenced to a term of 109 years imprisonment. See United States v. Williams, 775 F.2d 1295 (5th Cir. 1985); Williams v. Ray, 46 Fed. Appx. 598 (10th Cir. Aug. 21, 2002). His sentence has clearly not ceased to exist.

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Williams is thus only entitled to habeas relief if the BOP is confining him in violation of the Constitution or laws of the United States. Reduced to its essence, the issue is whether he can claim a right to due process in connection with BOP transfer decisions, not whether the BOP has merely interpreted its regulations correctly in the course of their administration.

An inmate does not have a protected right to be housed in a particular facility or institution. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Rather, 18 U.S.C. § 3621 vests absolute discretion in the BOP to designate "the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). See, e.g., Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983); Lyons v. Clark, 694 F. Supp. 184, 187 (E.D. Va. 1988).

Federal courts no longer look to language in laws or BOP regulations in connection with prison assignment claims to determine if a prisoner is deprived of any liberty interest protected by the Due Process Clause. Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995). Rather, the focus is on the nature of the deprivation itself.

> After [Sandin v. Conner, 515 U.S. 472 (1995)], prisoners may no longer peruse state statutes and prison regulations searching for the grail of limited discretion. Instead, a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 477-488.

Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). According to Orellana, only deprivations that clearly impinge on the duration of

3

confinement, will henceforth even possibly qualify for constitutional "liberty" status. Id. at 31-32.

Thus, after Sandin, assignment to a particular prison does not constitute an atypical and significant hardship affecting the duration of confinement and does not constitute the deprivation of a liberty interest. Petitioner, thus, has no due process claim.

Accordingly, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DENIED. The remaining pending motions for bail, for enlargement of bail, and declaratory judgment are DENIED as moot due to the dismissal of this petition.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by prisoners seeking review of federal agency determinations under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[3] Under the

---

[3] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5

4

Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

---

shall be paid to the clerk of the district court, by the appellant or petitioner.

5

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition as devoid of merit also compel the conclusion that an appeal would be frivolous. It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 21st day of March, 2006.

_____
s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

6